ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV 20 AM 9:26
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TYRONE BOYNTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-057 |
| ) | (Formerly CR 304-018) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tyrone Boynton, an inmate currently confined at the Butner Federal Medical Center in Butner, South Carolina, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government does not oppose Petitioner's motion. (Doc. no. 3). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **GRANTED**, that Petitioner's criminal judgment in his underlying criminal case be **VACATED**, that the same sentence be **RE-IMPOSED**, that this civil action be **CLOSED**, and that a final judgment in this civil action be **ENTERED** in favor of Petitioner.

### I. PROCEDURAL BACKGROUND

On February 1, 2006, Petitioner was sentenced by the Honorable Dudley H. Bowen, Jr., United States District Judge, for Possession with Intent to Distribute a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. § 841(a)(1). See United States v. Boynton, CR 304-018 (S.D. Ga. July 13, 2004), *hereinafter* "CR 304-018," doc. no. 53. Petitioner was

sentenced to 144 months of imprisonment, to be followed by five (5) years of supervised release, and fined $4,800, with a $100 special assessment. Id. Petitioner's federal sentence is to run consecutively to the sentence imposed in Treutlen County, Georgia, Docket Number 98CR0034T. Id.

On February 2, 2006, Petitioner filed a timely notice of appeal. Id., doc. no. 54. The Eleventh Circuit dismissed Petitioner's appeal for want of prosecution because Petitioner failed to pay the $250 docketing and $5 filing fees and failed to file a Transcript Order Form. Id., doc. no. 56. Thereafter, Petitioner filed a *pro se* motion to reopen his direct appeal due to excusable neglect in advertence and lack of service. Id., doc. no. 58. In that motion, Petitioner argued that he did not receive court documents related to his appeal because he was in transit when the documents were mailed by the Clerk of the Court. Id. at 4. Furthermore, Petitioner claimed that, although he paid his trial counsel for appellate services, he was unaware that his trial counsel had failed to pay the appellate fees or order the required transcript. Id. Petitioner also asserted that, after he was sentenced, he had no communication with his trial counsel, who failed to inform Petitioner that the financial obligation related to his appeal had not been fulfilled. Id. at 4-5. Petitioner requested that, because he was denied effective assistance of counsel, his direct appeal should be reopened, and that he be appointed new counsel. Id. at 5.

After providing notice and affording Petitioner twenty (20) days to object, Judge Bowen re-characterized Petitioner's motion to reopen his direct appeal as a motion brought pursuant to 28 U.S.C. § 2255 and directed Respondent to file an answer or response. (Doc.

no. 1). Respondent complied with Judge Bowen's Order and requested that the Court "vacate Boynton's criminal judgement; reimpose the same sentence, and advise Boynton and his counsel of Boynton's appeal rights . . . ." (Doc. no. 3, p. 4).

## II. DISCUSSION

To establish ineffective assistance of counsel, Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was inside "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690.

When reviewing appellate counsel's performance, there is a strong presumption that it falls within the "wide range of reasonable professional assistance," and thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy.'" Id. at 689. Furthermore, strategic decisions are entitled to a "heavy measure of deference." Id. at 691. As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the [appellate stage] could have acted, in the circumstances, as

3

defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

Under the second prong of Strickland, Petitioner is required to establish prejudice from any deficient performance. Strickland, 466 U.S. at 687. However, the Court is mindful that in the Eleventh Circuit, "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal."[1] Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (explaining that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner). Thus, it is not necessary that Petitioner demonstrate any additional prejudice aside from the lost opportunity to appeal.

In this case, Respondent states that, after receiving the instant motion, it contacted John Morrison, Petitioner's trial counsel in the underlying criminal proceedings. (Doc. no. 3, p. 2). According to Respondent, Mr. Morrison indicated that, after filing Petitioner's notice of appeal, "he received NO correspondence or notices from the court of appeals regarding payment of the appellate fees or advising him that if he failed to pay the fees or order the transcripts, Boynton's appeal would be dismissed." (Id. at 2-3). Furthermore, Mr. Morrison indicated that, if he had received notices concerning Petitioner's appeal, "he would

---

[1] Indeed, "an attorney's total failure to file an appeal after being instructed to do so will *always* entitle the defendant to an out-of-time appeal, *regardless of the defendant's chances of success.*" Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*) (quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983)(emphasis added)).

4

have paid the fees and perfected Boynton's appeal." (Id. at 3). Lastly, Mr. Morrison stated, "[I]f the Court could reinstate Boynton's appeal right, he will pay the appeal fees and brief Boynton's case to the Eleventh Circuit Court of Appeals." (Id.).

As noted, the Eleventh Circuit has ruled that "if an attorney fails to file an appeal after the defendant requests him to do so, the defendant was denied effective assistance and is entitled to an out-of-time appeal, without any showing of likelihood of prevailing on the appeal." Gray, 834 F.2d at 967. Although Petitioner's counsel contends that he failed to properly prosecute Petitioner's appeal because he did not receive any notices concerning the appeal, a reasonable lawyer, at that appellate stage, would have investigated the status of Petitioner's appeal and taken the necessary actions. Thus, Mr. Morrison's failure to pay the appropriate appellate fees or order the necessary transcript denied Petitioner effective assistance of counsel and has prevented Petitioner from pursuing an appeal. The appropriate remedy for this situation, then, is to allow Petitioner to pursue an out-of-time appeal.

When a court determines that an out-of-time appeal in a criminal case is the proper remedy in a § 2255 proceeding, the Eleventh Circuit directs that the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

5

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court recommends that the procedure set forth in Phillips be followed in this case to re-institute Petitioner's right to appeal.

Finally, Mr. Morrison has indicated that, if the Court reinstates Petitioner's right to appeal, he will pay the appeal fees and brief Petitioner's case to the Eleventh Circuit Court of Appeals. (Doc. no. 3, p. 3). Petitioner has requested that, if the Court reinstates his right to appeal, counsel be appointed for him. CR 304-018, doc. no. 58, p. 5. However, as Petitioner retained his own counsel in the underlying criminal case, there is no financial information on file for the Court to determine whether Petitioner qualifies for appointed counsel. Therefore, Petitioner is **DIRECTED** to submit to the Court, within the time period allowed for filing objections to this Report and Recommendation, a financial affidavit in support of his request for appointment of counsel.[2] Upon receipt of financial affidavit, the Court will be able to determine whether the appointment of counsel is appropriate.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that, pursuant to the provisions of United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000) set forth above, Petitioner's § 2255 motion be **GRANTED**, that Petitioner's criminal judgment in his underlying criminal case be **VACATED**, that the same sentence be **RE-IMPOSED**, that this civil action be **CLOSED**, and that a final judgment in this civil action be **ENTERED** in

---

[2] The Clerk is **DIRECTED** to attach a Criminal Justice Act 23 Form - Financial Affidavit to Petitioner's service copy of this Report and Recommendation.

favor of Petitioner. The Court further **REPORTS** and **RECOMMENDS** that, should Petitioner file a financial affidavit indicating that he qualifies for the appointment of counsel, the District Judge appoint counsel prior to the re-sentencing. After the reimposition of Petitioner's sentence, Petitioner, through counsel, will be allowed ten days in which to file a notice of appeal.

SO REPORTED and RECOMMENDED this 20+ day of November, 2007, at Augusta, Georgia.

*/s/ W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE